# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: APPLE INC. APP STORE SIMULATED CASINO-STYLE GAMES LITIGATION**                    MDL No. 2985

## TRANSFER ORDER

**Before the Panel:**[*]  Common defendant Apple Inc. moves under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of California or, alternatively, the Central District of California. This litigation currently consists of six actions pending in six districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of four related actions.[1]

Plaintiffs in the six actions on the motion and one potential tag-along action (*Nelson*) support centralization in the Northern District of California. Plaintiff in another potential tag-along action (*Lowe*) opposes centralization.

On the basis of the papers filed and the hearing session held,[2] we find that these actions involve common questions of fact, and that centralization in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These putative class actions present common factual questions arising from the allegation that Apple, through its App Store, promotes, facilitates, and profits from simulated casino-style games that involve gambling in violation of state laws. Plaintiffs in all actions allege that casino-style app games in the App Store, such as slots, poker, blackjack, and bingo, allow users to purchase virtual coins or coin-like objects to play for the chance to win more playing time and that paying money for the chance to win more playing time constitutes unlawful gambling. All six complaints also include the same list of the 200 "most popular games" as among the games at issue. Common factual questions include: (1) the nature of the game play within the same 200

---

[*] Judge Catherine D. Perry and Judge Nathaniel M. Gorton did not participate in the decision of this matter.

[1] The related actions are pending in the Northern District of California and the Northern District of Mississippi. These actions and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of March 25, 2021. *See* Suppl. Notice of Hearing Session, MDL No. 2985 (J.P.M.L. Mar. 8, 2021), ECF No. 31.

or more involved apps and the function of in-app purchases; (2) the nature of Apple's relationship with the third-party app developers, including Apple's process for reviewing and publishing apps; (3) Apple's financial arrangements for distributing app-based revenue from the games; and (4) Apple's alleged promotion of the apps. The parties anticipate significant overlap in dispositive motions and discovery on third-party app developers. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

Plaintiff in *Lowe*, the sole party opposing centralization, argues that informal coordination and transfer under Section 1404 are preferable alternatives to centralization. We find this argument unpersuasive. There is now a total of ten related actions pending in eight districts, including potential tag-along actions, and four distinct groups of firms representing the various plaintiffs. The claims and proposed classes overlap extensively but with substantive differences that will make informal coordination unwieldy.[3] The likely involvement of third-party discovery on app developers poses a further obstacle to informal coordination. Section 1404 also does not appear to be a practicable alternative to centralization. No Section 1404 transfer motions are pending. Moreover, on this record, Section 1404 does not provide a reasonable prospect for eliminating the multidistrict character of the litigation, as actions are pending in eight districts. Additionally, Apple states that it has received communications from one counsel that it intends to bring at least nine more actions in nine other states.

We conclude that the Northern District of California is the appropriate transferee district for this litigation. Defendant Apple has its headquarters in this district, and represents that the employees with relevant knowledge and common documentary evidence are located there. Nearly all parties support centralization in this district. Judge Edward J. Davila, who presides over one potential tag-along action, is an experienced transferee judge with the willingness and ability to manage this litigation. We are confident that he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Edward J. Davila for coordinated or consolidated pretrial proceedings.

---

[3] The six actions on the motion and the *Stephens* potential tag-along action are on behalf of state-specific classes but cover all casino-style apps in the App Store, including at least the 200 "most popular" apps listed in those complaints; the *Nelson* potential tag-along action is on behalf of a putative nationwide class that overlaps with those state-specific classes but only as to one subset of games (slot machine apps); and the *Lowe* and *Hoose* potential tag-along actions are on behalf of putative multi-state classes covering 25 states, but are limited to casino-style apps developed by two companies.

-3-

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Matthew F. Kennelly          David C. Norton
Roger T. Benitez             Dale A. Kimball

IN RE: APPLE INC. APP STORE SIMULATED
CASINO-STYLE GAMES LITIGATION                     MDL No. 2985

### SCHEDULE A

Northern District of Alabama

LARSEN v. APPLE INC., C.A. No. 2:20-01652

District of Connecticut

WORKMAN v. APPLE INC., C.A. No. 3:20-01595

Northern District of Georgia

PAYTON v. APPLE INC., C.A. No. 1:20-04326

Northern District of New York

CUSTODERO v. APPLE INC., C.A. No. 5:20-01320

Southern District of Ohio

MCCLOSKEY v. APPLE INC., C.A. No. 3:20-00434

Western District of Tennessee

VIGLIETTI v. APPLE INC., C.A. No. 2:20-02773